UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  09-22826-CIV-COOKE/BANDSTRA

VICTOR M. GOMEZ, individually,
CONTROLADORA DE NEGOCIOS S.A. DE CV,
a Mexican corporation,

      Plaintiffs,

vs.

BANK OF AMERICA, N.A.,
a foreign corporation,

      Defendant.

_____/

## PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES TO PLAINTIFFS' REQUEST FOR PRODUCTION AND MEMORANDUM IN SUPPORT THEREOF

Pursuant to *Fed. R. Civ. P.* 37 and Local Rule 26.1 of the Local Rules of the United States District Court for the Southern District of Florida ("S.D. Fla. L.R."), VICTOR M. GOMEZ, individually, CONTROLADORA DE NEGOCIOS S.A. DE CV, a Mexican corporation by and through their undersigned counsel, (collectively, "Plaintiffs") respectfully move this Court for an Order compelling defendant, BANK OF AMERICA, N.A. ("BOA" or "Defendant") to comply with its required disclosure obligations under Fed. R. Civ. P. 6(a)(1)(A)(iii). Plaintiffs' Request for Production of Documents to Defendant is attached hereto as Exhibit "A." These production requests go to core issues in this case concerning Plaintiffs' claims and Defendant's defenses. Defendant has raised boilerplate objections, failed to produce responsive documents in its possession and control and provided five (5) privilege logs claiming most, if not all, relevant documents to be covered by privilege. Defendant's Response to

CASE NO. 09-22826-CIV-COOKE/BANDSTRA

Plaintiffs' Request For Production and the corresponding privilege logs, consisting of 112 pages of alleged privileged documents, are attached hereto as composite Exhibit "B." Because Plaintiffs are clearly entitled to the production of the requested documents, and because Defendant's purported responses fall short, Plaintiffs respectfully request that the Court order Defendant to produce responsive documents to Plaintiffs' Request for Production[1]

## INTRODUCTION

This is an action to recover damages related to the breach of contract, and theft of BOA as it relates to Plaintiffs' funds. Plaintiffs allege that their funds were stolen or otherwise misappropriated by the Bank and/or by and through its managerial employee and/or agent who was employed at the bank as a Vice President and/or Assistant Branch Manager in the Miami Beach branch of Bank of America. Plaintiffs allege that the employee acted on behalf of the Defendant with actual or apparent authority and was held out by BOA as a person authorized to do business with customers, such as the Plaintiffs, and receive deposits into the bank. Defendant has objected to numerous discovery requests as outlined below.

## ARGUMENT

Pursuant to S.D. Fla. L.R. 26.1.H.2, Plaintiffs will address each specific discovery request separately, stating (a) the verbatim request, (b) the objections of the Defendant, and (c) the reasons supporting the motion to compel for the particular item. Plaintiffs will also address the privileges asserted by the Defendant classified as "Privileged Categories."

---

[1] It should be noted that Defendant has previously produced the large majority of documents requested by the Plaintiffs by virtue of the discovery produced in the matter of Szternensus v. Bank of America, Case No. 08-22669-CIV-COOKE/BANDSTRA involving the same issues, the same defendant (BOA) and identical counsel for each party. All arguments as to burdensome or the expense of gathering and producing same are without merit as these tasks have already been completed in numerous prior lawsuits.

### A.   General Arguments applicable to Defendant's Objections:

1.   **Boilerplate objections**: Defendant cites throughout its response general boilerplate objections.  Such objections do not comply with Local Rule 26 .1 G 3(a) as the objections do not state with specificity all grounds supporting the objection.  Objections which state that a discovery request is vague, overly broad, or unduly burdensome are, by themselves, meaningless.  A party objecting on these bases must explain the specific and particular ways in which a request is vague, overly broad, or unduly burdensome. See Fed R. Civ. P. 33(b)(4); *Josephs v . Harris Corp.*, 677 F .2d 985, 992 (3d Cir. 1982); *See Convertino v. U.S. Dept. of Justice,* 565 F.Supp.2d 10, 14 (D.D.C.2008); See also, *Benfatto v. Wachovia Bank, N.A.,* 2008 WL 4938418 (S.D. Fla. 2008).

2.   **Formulaic objections**: Defendant, throughout its response, simply recites formulaic objections followed by an answer to the request.  Such an objection and answer constitutes only a waste of effort and the resources of both parties and the Court. Furthermore, such practice leaves the Plaintiffs uncertain as to whether the question has actually been fully answered, or whether only a portion of it has been answered. Civil Discovery Standards, 2004 A.B.A. Sec. Lit. 18; See also, Local Rule 26 .1 G 3(a). Moreover, throughout Defendant's response, Defendant states that documents that have been identified that "may be responsive to this request" are identified in the Privilege Log.  Such a response does little to assist Plaintiff in its determination as to what has been responded to in this request. Defendant has responded in this regard for the following responses: 4, 5, 10, 17, 18, 19, 24, 25, 26, 27, 36, 37, 38, 40, 46 and 61. Plaintiff will review the documents to be produced by BOA prior to moving to compel these documents. Defendant is waiting on this Court's entry of the fully executed Confidentiality

3

Order submitted to the Court prior to producing additional documents responsive to Plaintiffs' request. Plaintiffs reserve all rights, objections and defenses.

3.     **Generalized objections**: Generalized objections asserting "confidentiality," "attorney-client privilege" or the "work product doctrine" also do not comply with local rules. Local Rule 26 .1 G 3(b) requires that objections based upon privilege identify the specific nature of the privilege being asserted, as well as identifying such things as the nature and subject matter of the communication at issue, the sender and receiver of the communication and their relationship to each other, among others.

4.     **Costs of Collection, copying, production**: Throughout Defendant's response, Defendants state that the documents will be produced so long as Plaintiffs agree to bear the costs of collection, copying and production. (See Response to RFP Exhibit B and #'s 4, 5, 16, 17, 18, 19, 24 – 26, 46). This Court, in related cases before it, specifically addressed the issue of costs, and spelled out the manner in which Plaintiffs' counsel would review the documents responsive to these requests and why the alleged undue burden cited by Defendant was a non-factor:

> "Third, the production of the documentation responsive to this order will be accomplished by allowing plaintiffs' counsel, who will be bound by the confidentiality agreement, to inspect all relevant and responsive documentation so that the defendant need not expend any unnecessary time conducting any additional searches that would be duplicative. <u>The undersigned finds that the defendant, due to its previous investigation of this prior employee's actions, has already completed the task of gathering the responsive documents in it efforts to prosecute the prior employee both civilly and criminally.</u>"

(Emphasis supplied) See Exhibit C)

Federal rules of civil procedure generally require a party to absorb initially costs of complying with another party's discovery request; this allocation of costs is practical because

4

expenses can be recouped upon a motion for costs and attorney fees at the conclusion of the case. See, *Federal Rules of Civil Procedure Rules* 26(b)(4)(C)(ii), 30(g)(1), 37(a)(4), 28 U.S.C.A. *Cantaline v. Raymark Industries, Inc.*, 103 F.R.D. 447 (S.D. Fla. 1984). The Defendant Bank in this case is clearly in a better position having already investigated this matter (and produced these documents numerous times before) to absorb these alleged costs rather than impose further damages on the Plaintiffs in this case. Moreover, this case is at least the 5th lawsuit filed against BOA related to this theft. The documents in question have been collected, copied and produced numerous times before. The mere fact that compliance with discovery order will be costly is not, in and of itself, a ground for valid objection. *Ford Motor Co. v. Edwards*, 363 So.2d 867 (Fla. 1st DCA 1978).

In *Ford Motor*, like in the case at bar, the court recognized that:

> "the trial court made just such a comprehensive individualized analysis in arriving at the complained of order...In addition, the trial court noted in the order that Ford had already located and reviewed many of the requested documents in order to answer interrogatories earlier propounded by respondent."

*Ford Motor Co. v. Edwards*, 363 So.2d at 869.

## B.    Specific Objections[2]:

### Request # 3/Categories 1-4 of Defendant's Privilege Log:

(A)    Any and all documents which evidence transfer of money into or out of any account or CD(s) held by the Plaintiffs.

---

[2] Despite raising objections, BOA has agreed (pending entry/adoption of the executed Confidentiality Agreement submitted to the Court) to produce documents responsive to request #'s: 4, 5, 10, 17, 18, 19, 24, 25, 26, 27, 36, 37, 38, 40, 46, 61 and 62. Plaintiff will review the documents produced by BOA (when received) prior to moving to compel these documents. Plaintiffs reserve all rights, objections and defenses.

5

(B)     Subject to (and without waiver of) its objections herein, Bank of America hereby refers to and incorporates its response to Request for Production number 1 in response to this Request as if fully set forth herein. Defendant Bank of America objects to Plaintiffs' request number 3 on the grounds that the request seeks material protected by the attorney-client privilege and/or work product (including legal analysis and conclusions of counsel). Bank of America objects on the basis of the attorney-client privilege and work product doctrine, as to any documents created subsequent to the date of Plaintiffs' first reported allegations of unauthorized withdrawals as being created in anticipation of litigation and exempt from production on privilege grounds (including work product). Defendant Bank of America also objects to the request to the extent that it seeks or would necessarily involve production of confidential financial information or other proprietary or confidential information related to Bank of America customers and non-parties which are subject to constitutional privacy and due process rights and protected from disclosure as a matter of law. *See* Fla. Stat. § 655.059 (2007). *See also Banc of Am. Invest. Servs., Inc. v. Barnett,* 997 So.2d 1154 (Fla. 3d DCA 2008). Privileged documents that have been identified, that pertain to any Victor M. Gomez and/or Controladora de Negocios S.A. de C.V.-related account and may be responsive to this request are identified in the Privilege Log that will be provided within the next several business days following this response in accordance with Local Rule 26.1G., or in any supplementation or amendment thereto.

(C)     Plaintiffs are entitled to the records concerning the transfer of funds in and out of its own accounts/CDs as well as all documents or other evidentiary material which illustrate each transaction. The Defendant is disputing the amounts of money owed to the Plaintiffs along with their responsibility for returning same. These Plaintiffs have a right to information regarding their own accounts and where their funds were deposited in light of the Defendant's challenges.

6

Defendant cannot dispute the amount of money held in the account of the Plaintiffs (and the return of same) and at the same time deny access to the information that would support the Plaintiffs' claims. Failure to allow the discovery of this evidence would severely prejudice the Plaintiffs' claims by prohibiting the Plaintiffs from being able to prove the amount of funds maintained in their accounts/CDs and the transfer of Plaintiff's funds in the bank. The Plaintiffs are not asking for the private information of other bank customers but simply an accounting of the funds that were deposited and withdrawn from Plaintiffs accounts/CDs and the location of those funds.[3] The actions of their employee/agent in transferring customer funds, is material to the breach, and theft by the Defendant. The requested documents have already been prepared and would cause no undue burden on the Defendant. BOA has previously provided documents and testified to the specific transfers and amounts stolen at the sentencing hearing of their former employee, Ricardo Figueredo (hereinafter "Figueredo"). (See composite Exhibit D)

The documents requested herein are not entitled to protection under §655.059, *Fla. Stat.* Although subsection (1) of the statute does state that the books and records of a bank are confidential, it also expressly provides that they are subject to examination upon order of the Court. The pertinent section states as follows:

> 1) The books and records of a financial institution are confidential and shall be made available for inspection and examination only...

---

[3] In addition, means less intrusive than the release of confidential information can be used where available. See generally *Amente v. Newman*, 653 So.2d 1030 (Fla.1995); Privacy rights are protected without sacrificing the ability to discover legitimate information where the trial court redacts from the records all identifying information. See, e.g., *Amente; Haywood v. Samai*, 624 So.2d 1154 (Fla. 4th DCA 1993);

> (e) As compelled by a court of competent jurisdiction, pursuant to a subpoena issued pursuant to the Florida Rules of Civil Procedure, the Florida Rules of Criminal Procedure, or the Federal Rules of Civil Procedure, or pursuant to a subpoena issued in accordance with state or federal law.

Furthermore, the Court in *Banc of America Investment Services, Inc. v. Barnett*, 997 So. 2d 1154, 1157 (Fla. 3d DCA 2008), held that production of such information was proper if the parties "made a showing of necessity which outweighed the countervailing interests in maintaining the confidentiality of such information." In conducting such an analysis, the Court is to balance the competing interests that would be served by granting discovery or by denying it – this framework allows for broad discovery in order to advance a party's important interest in the fair and efficient resolution of disputes while at the same time providing protective measures to minimize the impact of discovery on competing privacy interests. *Rasmussen v. South Florida Blood Service, Inc.*, 500 So.2d 533, 535 (Fla. 1987).

For the reasons argued above, the necessity for this information by the Plaintiffs outweighs the countervailing interests in maintaining the confidentiality of such information. See, *Publix Supermarkets, Inc. v. Johnson*, 959 So.2d 1274, 1276 (Fla. 4th DCA 2007). The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result. See *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958). *New Hampshire Indem. Co., Inc. v. Reid*, WL 2972618 M.D. Fla. 2007.

Defendant's assertion that this request is overly broad has no merit. One of Plaintiffs' counts in this action is for civil theft. Under Florida law, the corporate employer of the perpetrator of a theft is liable for that theft where: "(a) the theft or conversion was committed by

8

a managerial employee of the corporation within the scope of the latter's employment; or (b) the theft or conversion was committed by a non-managerial employee of the corporation within the scope of the latter's employment, provided further that the management of the corporation was guilty of some fault which foreseeably contributed to the plaintiff's injury." *McArthur Dairy, Inc. v. Original Kielbs,Inc.*, 481 So. 2d 535, 540 (Fla. 3d DCA 1986). *Accord Puchner v. Drexel Burnham Lambert, Inc.,* 498 So. 2d 550 (Fla. 3d DCA 1986); *Priority Healthcare Corp. v. Surajit Chaudhuri, M.D., P.A.*, 2008 WL 4459041, (M.D. Fla. 2008). Thus, one of the issues in this case is whether Bank of America failed to detect the theft that Figueredo has admitted that he has been committing for over 15 years (i.e., from the mid 1990s until he was terminated in 2008). Discovering the details of those past thefts – or of any other thefts committed at the Lincoln Road branch of the Defendant Bank – is essential to proving this element of Plaintiffs' case.

This discovery is relevant, and although such information may be "proprietary" in nature, it nevertheless can be produced pursuant to the confidentiality order and stipulation that has already been executed by all parties in this case. See e.g. *Pfeiffer v. K-Mart Corp.,* 106 F.R.D. 235 (S.D.Fla.1985). (DE # 13)

As to the Defendant's Privilege/Work Product arguments, during Figueredo's sentencing hearing in April 2009, it became clear that the Bank provided documents and information to the U.S. Attorney's Office that it now claims is protected by the attorney-client and/or work product privileges. Attached hereto as composite Exhibit D are the transcript of the sentencing hearing and an exhibit used during that hearing. The government's only witness to establish the amount of the theft was Kenneth Vega, the Bank's Senior Investigator and probably the person with the most knowledge of how Figueredo stole the money and how much he stole. Mr. Vega testified

9

that he spoke with approximately twenty bank customers that were victims of the criminal scheme and Ricardo Figueredo and reviewed customer account statements for the purpose of determining how much money was misappropriated. Mr. Vega was then shown Exhibit 1 to the hearing which is entitled "Customers Claiming Fraud by Ricardo Figueredo" and is attached hereto as composite Exhibit D. The requested documents are not protected by either the attorney-client or work product privilege because the Bank <u>waived</u> these privileges by disclosing the requested documents to government officials, law enforcement officials or agencies. Disclosure of documents to government agencies, even if to cooperate with their investigation, constitutes a waiver of the attorney-client and work product privilege. *Westinghouse Elec. Corp. v. Republic of Philippines*, 951 F.2d 1414, 1418 (3rd Cir. 1991). Once the privileges are waived, they are complete and final notwithstanding the existence of a previous confidentiality agreement. *In re Columbia/HCA Healthcare Corporation Billing Practices Litigation*, 293 F.3d 289, 306-307 (6th Cir. 2002).

The Bank may argue that it only waived the privileges as to the government, but not to private parties – the so called and now discredited selective waiver theory. Although the Eleventh Circuit has not ruled on the selective waiver issue, many other courts have considered the issue and ruled that there is no selective waiver of either attorney-client privilege or work product protection. *In re Columbia/HCA Healthcare Corporation Billing Practices Litigation*, 293 F.3d at 295-302, 305-306 (after engaging in extensive review of the case law and an analysis thereof rejecting selective waiver of attorney-client privilege and work product protection, finding that disclosure to SEC waived privilege); *United States v. Mass. Inst. of Tech.*, 129 F.3d 681, 686 (1st Cir. 1997) (same); *In re Qwest Communications International, Inc.*, 450 F.3d 1179, 1187 (10th Cir. 2006) (rejecting selective waiver); *In re Martin Marietta Corp.*, 856 F.2d 619,

10

623-624 (4th Cir. 1988) (rejecting limited waiver of attorney-client privilege); *In re John Doe Corp.*, 675 F.2d 482, 489 (2nd Cir. 1982) ( "A claim that a need for confidentiality must be respected in order to facilitate the seeking and rendering of informed legal advice is not consistent with selective disclosure when the claimant decides that the confidential materials can be put to other beneficial purposes."); *Permian Corp. v. United States*, 665 F.2d 1214 (D.C. Cir. 1981) (disclosure of privileged information to any third party, including the government, destroys the privilege).  In addition, United States Magistrate Judge Johnson from the U.S. District Court for the Southern District of Florida stated that "no Eleventh Circuit or Florida authority supports . . . selective waiver theory, and in fact the case law on the subject is to the contrary." *Baratta v. Homeland Housewares, LLC*, 242 F.R.D. 641, 643 (S.D. Fla. 2007). United States Magistrate Judge Miles Davis from the U.S. District Court for the Northern District of Florida concluded that the rejection of the selective waiver doctrine "is more in keeping with the intent of the Federal Rules of Civil Procedure." *Pensacola Firefighters' Relief Pension Fund Bd. of Trs. v. Merrill Lynch, Inc.* 2010 WL 503082, at *7 (N.D. Fla. 2010) (rejecting selective waiver of attorney-client privilege and work product protection, finding that disclosure to SEC waived privilege).  Once a waiver is established, a party may be entitled to "opinion" work product.  *In re Columbia/HCA Healthcare Corporation Billing Practices Litigation*, 293 F.3d at 294.  BOA has waived any work product privilege with respect to these documents by virtue of the testimony of the Defendant's Senior Investigator at the sentencing of Figueredo in the criminal case. See *Stern v. O'Quinn*, 353 F.R.D. 663, 675-686 (S.D. Fla. 2008)

11

Here, BOA has waived any otherwise applicable privileges as to any document disclosed to government agencies. It is impossible to tell from the Privilege Log how many documents the Bank disclosed to government agencies, including the U.S. Attorneys Office, that are relevant and responsive and that the Bank refuses to produce.

To be clear, Plaintiffs are <u>not</u> requesting any properly filed Suspicious Activity Report.

A party asserting privilege as a ground for withholding the production of documents bears the burden of establishing the existence of those privileges. *Bogle v. McClure*, 332 F.3d 1347 (11th Cir. 2003).

Lastly, this same discovery request and identical objection was made in the related case of *Szterensus v. Bank of America*, case no. 08-22669-CIV-Cooke/Bandstra and other related cases before this Court. This Court overruled these objections in that case (See Exhibit C) and should apply the same reasoning in overruling this objection.

**<u>Request # 6</u>**

(A)     The employment file kept for Ricardo Figueredo throughout his employment with Bank of America.

(B)     Bank of America objects to Plaintiffs' request number 6 on the grounds that it is overly broad (i.e., employment file kept throughout Figueredo's employment with Bank of America), unduly burdensome and beyond the scope of this litigation. The alleged certificate of deposit accounts which are the subject of Plaintiffs' claim appear to have been opened in or after 2005 (*See* Am. Compl. ¶ 8, Ex. "A"), while the employee in question was employed by Bank of America and its predecessors by merger from 1983 until May, 2008. Subject to and without waiving the objections set forth herein, Bank of America states that its record retention policy is for 7 years, which is in compliance with and exceeds both statutory and industry record retention

12

standards. Bank of America further objects on the grounds that this request seeks the production of confidential information relating to Bank of America personnel and non-parties which are subject to constitutional privacy and due process rights and protected from disclosure as a matter of law. *See* Fla. Stat. § 655.059. *See also Banc of Am. Invest. Servs., Inc. v. Barnett,* 997 So.2d 1154 (Fla. 3d DCA 2008). Employee personal information as contained in nonpublic employee personnel files are afforded utmost protection as a matter of law. *Alterra Healthcare Corp. v. Estate of Shelley,* 827 So.2d 936, 941–44 (Fla. 2002). Bank of America further objects to request number 6 on the grounds that it is invasive of confidential, proprietary and closely guarded business information of Bank of America, which Bank of America considers to be trade secrets.

      (C)    Plaintiffs have filed a claim for Negligent Hiring and/or Retention of employee Figueredo. The employee's file is relevant to his hiring and retention and demonstrates the employee's fitness to be hired and retained throughout his employment. It also would shed light on any information the bank had regarding conduct that occurred prior to and during his employment with the bank. This employee's actions are central to the Plaintiffs' claims. Figuredo's personnel/employment file is relevant and capable of production under the terms of the existing confidentiality stipulation and order. See e.g. *Platypus Wear, Inc. v. Clarke Modet & Co., Inc.* 2007 WL 4557158 (S.D. Fla. 2007) citing *Williams v. The Art Institute of Atlanta,* 2006 WL 3694649, at 10 (N.D.Ga.2006) (recognizing the "strong public policy against the public disclosure of personnel files," but permitting disclosure, pursuant to a protective order, where an employee's "action or inaction has a direct bearing on the Plaintiff's claims or Defendant's affirmative defenses"). As alleged by the Plaintiffs, and presumably the Defendant as well, the

action and/or inactions of the Bank's employee had a direct bearing on the claims and/or defenses of the parties in this case.

Lastly, this same discovery request and identical objection was made in the related case of *Szterensus v. Bank of America*, case no. 08-22669-CIV-Cooke/Bandstra. This Court overruled these objections in that case (See Exhibit C) and ordered the Employment file to be produced and should apply the same reasoning to this identical objection.

Plaintiff's re-states and relies on its previous arguments made in response to request # 3 above as it relates to release of proprietary or confidential information or violations of §655.059, *Fla. Stat.* (2007) and objections as to privilege/work product.

**Request # 7**

(A)    Any and all notes, memoranda of Ricardo Figueredo as it pertains to the plaintiffs' accounts and/or CDs.

(B)    See Objection to Request #'s 3 & 6 above.

(C)    Plaintiffs' re-state and relies on its previous arguments made in response to request # 3 above. Lastly, this same discovery request and identical objection was made in the related case of *Szterensus v. Bank of America*, case no. 08-22669-CIV-Cooke/Bandstra. This Court overruled these objections in that case (See Exhibit C) and should apply the same reasoning to this objection.

**Request # 8**

(A)    Any and all documents illustrating interest paid to the plaintiffs on their CDs or accounts.

(B)    In response to Request number 8, Bank of America hereby refers to and incorporates its response to Request for Production number 1 as if fully set forth herein. Bank of

14

America otherwise objects to Plaintiffs' request number 8 to the extent that it may be invasive of the Work Product doctrine and/or attorney client privilege.  Privileged documents that have been identified that pertain to any Victor M. Gomez and/or Controladora de Negocios S.A. de C.V.-related account and may be responsive to this request are identified in the Privilege Log that will be provided within the next several business days following this response in accordance with Local Rule 26.1G., or in any supplementation or amendment thereto.

(C)     Plaintiffs' re-state and relies on its previous arguments made in response to request # 3 above. Lastly, this same discovery request and identical objection was made in the related case of *Szterensus v. Bank of America*, case no. 08-22669-CIV-Cooke/Bandstra. This Court overruled these objections in that case (See Exhibit C) and should apply the same reasoning to this objection.

**Request # 9**

(A)     Any and all documents which demonstrate the transfer of plaintiffs' funds to Ricardo Figueredo personally or any other account not related to Bank of America.

(B)     See objection to Request # 6 above.

(C)     Plaintiffs' re-state and relies on its previous arguments made in response to request # 3 above. Lastly, this same discovery request and identical objection was made in the related case of *Szterensus v. Bank of America*, case no. 08-22669-CIV-Cooke/Bandstra. This Court overruled these objections in that case (See Exhibit C) and should apply the same reasoning to this objection.

**Request # 11**

(A)     Any and all documents which would represent and/or prove Ricardo Figueredo's fraudulent scheme causing unauthorized transfers to be made.

15

CASE NO.  09-22826-CIV-COOKE/BANDSTRA

(B)     Defendant Bank of America objects to Plaintiffs' request number 11 on the grounds that this overly broad and burdensome request seeks material protected by the attorney-client privilege and/or work product (including, legal analysis and conclusions of counsel) as any responsive documents or communications created subsequent to the date of Plaintiffs' first reported allegations of unauthorized withdrawals were created in anticipation of litigation. Defendant Bank of America further objects to the request to the extent that it seeks to compel production of potentially privileged documents invasive of the Law Enforcement Investigatory Privilege. BOA assisted law enforcement in the criminal investigation of Ricardo Figueredo and therefore is precluded from disclosing the documents requested by Plaintiffs. *See In Re Polypropelyne Carpet Anti-Trust Litig.*, 181 F.R.D. 680 (N.D. Ga. 1998). Defendant Bank of America further objects to this request as it necessarily entails the production of confidential financial information or other proprietary or confidential information related to Bank of America employees, customers and non-parties which are subject to constitutional privacy and due process rights and protected from disclosure as a matter of law. *See* Fla. Stat. § 655.059. *See also Banc of Am. Invest. Servs., Inc. v. Barnett,* 997 So.2d 1154 (Fla. 3rd DCA 2008). Privileged documents that have been identified that pertain to any Victor M. Gomez and/or Controladora de Negocios S.A. de C.V.-related account and may be responsive to this request are listed in the Privilege Log that will be provided within the next several business days following this response in accordance with Local Rule 26.1G., or in any supplementation or amendment thereto. Furthermore, to the extent that documentation responsive to this request and any other requests would entail disclosure of any suspicious activity reports ("SARs") or information as to the existence of a suspicious activity report is prohibited as a matter of law, and SARs are confidential as a matter of law, and not subject to disclosure. *See* 12 C.F.R. 21.11 and 31 U.S.C.

16

§ 5318.

(C)     The Law Enforcement Investigatory Privilege applies to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witnesses and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise prevent interference in an investigation. *In re Polypropylene Carpet Antitrust Litigation,* 181 F.R.D. 680 (N.D. Ga. 1998). In the case at bar, the law enforcement investigative privilege is not applicable. This privilege "may be invoked *only* by government law enforcement authorities." *In re Sealed Case*, 856 F.2d 268, 271-272 (D.C. Cir. 1988). (emphasis supplied) In order to protect documents under the law enforcement investigatory privilege, the claimant must satisfy three requirements: (1) the head of the department having control over the documents must raise a formal claim of privilege; (2) the department head must assert the privilege based on his or her actual personal consideration of the documents; and (3) the claimant must make a detailed specification of the information for which the privilege is claimed, with an explanation why this information properly falls within the scope of the privilege. No objection has been asserted by any law enforcement agency. These requirements have not been met and therefore the privilege cannot be asserted herein.

This request is clearly not overly broad or burdensome. No explanation as to why this request is overly broad or burdensome is stated. Regardless, part of Plaintiffs claims involve proving that BOA was at fault in allowing the theft of Plaintiffs' funds to occur over the course of his employment with the Bank. Such information is relevant and discoverable and should be produced.

Lastly, this same discovery request and identical objection was made in the related case of *Szterensus v. Bank of America*, case no. 08-22669-CIV-Cooke/Bandstra. This Court overruled

these objections in that case (See Exhibit C) and should apply the same reasoning to overrule this objection.

No properly prepared SAR(s) have been requested. Plaintiffs' re-state and relies on its previous arguments made in response to request # 3 above.

**Request # 12**

(A)     Any and all documents which illustrate Ricardo Figueredo's misleading and/or concealing of his fraudulent activity.

(B)     See Objection to Request # 11 above.

(C)     Plaintiffs' re-state and relies on its previous arguments made in response to request # 3 and 11 above. Lastly, this same discovery request and identical objection was made in the related case of *Szterensus v. Bank of America*, case no. 08-22669-CIV-Cooke/Bandstra. This Court overruled these objections in that case (See Exhibit C) and should apply the same reasoning to this objection.

**Request # 13**

(A)     All documents illustrating Ricardo Figueredo's termination of employment.

(B)     See Objection to Request # 6 above.

(C)     Plaintiffs' re-state and relies on its previous arguments made in response to request #'s 3 and 6 above. Lastly, this same discovery request and identical objection was made in the related case of *Szterensus v. Bank of America*, case no. 08-22669-CIV-Cooke/Bandstra. This Court overruled these objections in that case (See Exhibit C) and should apply the same reasoning to this objection.

**Request # 16**

(A)     Any and all audits including but not limited to historical or yearly audits pertaining to the Bank of America branch located at 401 Lincoln Road, Miami Beach, Florida since January 2003.

(B)     In response to Request number 16, Bank of America objects on the grounds that it is overly broad and beyond the scope of this litigation.  Subject to and without waiving the foregoing objections, Bank of America states that in its normal course of business, banking center audit records are maintained for a period of three years in keeping with its document retention policies, which meet or exceed statutory requirements and industry standards. Bank of America further objects to this request on the grounds that it is invasive of confidential, proprietary and closely guarded business information of Bank of America, which Bank of America considers to be trade secrets. Defendant Bank of America also objects to the request as it seeks or would necessarily involve production of confidential financial information or other proprietary or confidential personal or financial information related to Bank of America employees and customers who are non-parties, which are subject to constitutional privacy and due process rights and protected from disclosure as a matter of law. *See* Fla. Stat. § 655.059. *See also Banc of Am. Invest. Servs., Inc. v. Barnett,* 997 So.2d 1154 (Fla. 3rd DCA 2008); *Alterra Healthcare Corp. v. Estate of Shelley,* 827 So.2d 936, 941–44 (Fla. 2002).  Bank of America further objects on the basis of the work product doctrine, as the normal course of Defendant Bank of America's operations is to conduct audits and create such audit records in anticipation of potential litigation, and the accountant/client privilege.  Privileged documents that have been identified that pertain to any Victor M. Gomez and/or Controladora de Negocios S.A. de C.V.-related account and may be responsive to this request are identified in the Privilege Log

19

that will be provided within the next several business days following this response in accordance with Local Rule 26.1G., or in any supplementation or amendment thereto.

Subject to, and without waiver of the foregoing objections, within a reasonable time following receipt of a mutually acceptable confidentiality and claw back agreement executed by Plaintiffs or order issued by this Court, and upon Plaintiffs' agreement to bear the cost of collection, copying and production of same, Bank of America will produce relevant policy and procedure documents identified.

(C)     Any audit performed thus far would be well before Bank of America claims it even learned of Figueredo's thefts in April of 2008. Accordingly, Defendant's assertion that these audits were conducted in anticipation of litigation, instead of in the ordinary course of business, is not credible. *See St. Joe Co. v. Liberty Mutual Ins. Co.,* 2006 WL 3391208, *6-8 (M.D. Fla. 2006) (holding that documents prepared while company is investigating a claim and before it has decided to deny it are not protected by work product).

Finally, the audits are not entitled to protection under §655.059, *Fla. Stat.* Although subsection (1) of the statute does state that the books and records of a bank are confidential, it also expressly provides that they are subject to examination upon order of the Court:

1)     The books and records of a financial institution are confidential and shall be made available for inspection and examination only . . .

> (e) As compelled by a court of competent jurisdiction, pursuant to a subpoena issued pursuant to the Florida Rules of Civil Procedure, the Florida Rules of Criminal Procedure, or the Federal Rules of Civil Procedure, or pursuant to a subpoena issued in accordance with state or federal law.

Subsection (2) then addresses more specifically those books and records that pertain to the deposit accounts and loans of depositors, borrowers, members, and stockholders:

20

> The books and records pertaining to the deposit accounts and loans of depositors, borrowers, members, and stockholders of any financial institution shall be kept confidential by the financial institution and its directors, officers, and employees and shall not be released except upon express authorization of the account holder as to her or his own accounts, loans, or voting rights.

Thus, since the audits are not a record pertaining to a specific deposit account, the Court may compel their production so long as they are discoverable under Rule 26. This has been the conclusion of federal courts interpreting other statutes that allow disclosures of confidential information in response to judicial process. *See, e.g., Marks v. Global Mortgage Group, Inc.*, 218 F.R.D. 492, 496-497 (S.D. W.Va. 2003).

Even assuming *arguendo* that the audits do constitute records pertaining to a specific deposit account, the Court in *Banc of America Investment Services, Inc. v. Barnett*, 997 So. 2d 1154, 1157 (Fla. 3d DCA 2008), held that production of such was proper if the parties "made a showing of necessity which outweighed the countervailing interests in maintaining the confidentiality of such information." In conducting such an analysis, the Court is to balance the competing interests that would be served by granting discovery or by denying it – this framework allows for broad discovery in order to advance the state's important interest in the fair and efficient resolution of disputes while at the same time providing protective measures to minimize the impact of discovery on competing privacy interests. *Rasmussen v. South Florida Blood Service, Inc.*, 500 So.2d 533, 535 (Fla. 1987). Here, discovery of the audits – including any disclosure of information regarding specific individuals or accounts – is necessary in order to allow Plaintiffs to support its claims that the Bank was at fault in allowing the thefts by Figueredo to be committed and to continue.

21

Plaintiffs are willing to do all that they can to minimize any invasion of privacy, and have entered into a confidentiality agreement. Therefore, Defendant's objection to this request to produce should be overruled.

Lastly, this same discovery request and identical objection was made in the related case of *Szterensus v. Bank of America*, case no. 08-22669-CIV-Cooke/Bandstra. This Court overruled these objections in that case (See Exhibit C) and should apply the same reasoning to this objection. Plaintiffs' re-state and relies on its previous arguments made in response to request # 3 above.

**Request # 20**

(A)     Any and all recordings or transcripts of recordings of Ricardo Figueredo or any other person whom you can contend participated with Ricardo Figueredo in the theft of customer monies.

(B)     In response to Request number 20, Bank of America objects on the grounds that it is ambiguous and vague as to "recordings or transcripts of recordings", such that the Defendant is unable to form a response to the request, as it is unable to determine whether this pertains to recordings of Figueredo's spoken words, video recordings of his physical person, or otherwise. Bank of America further objects to the request as overbroad (i.e., as to "customer monies") and beyond the scope of the transactions allegedly affecting Plaintiffs' accounts at issue here. Defendant Bank of America further objects to the request in that it seeks or would necessarily involve production of confidential financial information or other proprietary or confidential information related to Bank of America customers whom are non-parties, which are subject to constitutional privacy and due process rights and protected from disclosure as a matter of law. *See* Fla. Stat. § 655.059. *See also Banc of Am. Invest. Servs., Inc. v. Barnett*, 997 So.2d 1154

CASE NO. 09-22826-CIV-COOKE/BANDSTRA

(Fla. 3rd DCA 2008); *Alterra Healthcare Corp. v. Estate of Shelley,* 827 So.2d 936, 941–44 (Fla. 2002). Bank of America further objects on the basis of the work product doctrine, to the extent that the ambiguous and vague request may be seeking Defendant Bank of America's records created in anticipation of litigation. Bank of America further objects to this request to the extent that the ambiguous and vague request is invasive of confidential, proprietary and closely guarded business information of Bank of America, which Bank of America considers to be trade secrets. Bank of America further objects to this request as overbroad and beyond the scope of this litigation as to timing, as there is no time parameter set forth therein, and as Ricardo Figueredo was employed by Bank of America, and its predecessors by merger, from 1983 through 2008.

Subject to and without waiving the foregoing objections, Bank of America states that, to the best of its knowledge and belief, no such responsive documents or evidence as to the Plaintiffs' accounts at issue has been identified to date.

(C)     First, the request is neither ambiguous nor vague. Parties are to exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in discovery requests. *Pulsecard, Inc. v. Discover Card Services, Inc.,* 168 F.R.D. 294, 310 (D. Kan. 1996). Using such faculties, it is clear that there is nothing vague or ambiguous about the term "recordings." Further, the Deposit Agreement used by the defendant itself states that:

> **Recording and Monitoring Telephone calls**
> We may record or monitor telephone calls and electronic communications between you and us. We need not remind you of our recording or monitoring before each call unless required to do so by law. You consent in advance to these actions.

Again, there is nothing unclear about the request. The request is also not overly broad. As set forth before, in order to recover on certain counts, Plaintiffs must establish that Bank of

23

America was at fault in allowing the theft of Plaintiffs' funds to occur. This means that Plaintiffs must establish the extent of the theft that Figueredo and those working with him committed. Accordingly, discovery regarding all of those thefts – and any statement of Figueredo or his accomplices regarding those thefts – is appropriate. Finally, the recordings or transcripts would not be covered by any privilege. The request seeks recordings made in the ordinary course of business as the Bank's Deposit Agreement and Disclosures expressly provides. Thus, these recordings were not made in anticipation of litigation and are not protected by the work product privilege. Nor is there any indication that such statements would contain proprietary business information or a trade secret. Certainly, Defendant has not carried its burden of establishing that it is entitled to assert such privileges. If, in fact, the Court finds that the documents are entitled to protection, all parties are protected by the confidentiality order entered into in this case. Finally, such recordings do not constitute records pertaining to deposit accounts. To the extent they are records of the Bank, they are expressly discoverable by Court order under §655.059, *Fla. Stat.* Thus, all of Defendant's objections should be overruled.

Plaintiffs' re-state and relies on its previous arguments made in response to request # 3 above.

### Request # 21

(A)    Any and all investigations, documents, papers, correspondence, letter, memoranda, faxes, e-mails or other materials directed to AUSA Department of Homeland Security, Secret Service etc.

(B)    See Objection to Request # 3 and 11 above.

(C)    The request seeks only materials that have been provided to the AUSA, Department of Homeland Security and Secret Service. The providing of materials to such

24

agencies by the Bank constitutes a waiver by it of any privilege it might otherwise have. *In re Qwest Communications Intern. Inc.*, 450 F.3d 1179 (10th Cir. 2006); *Bank of America, N.A. v. Terra Nova Ins. Co.*, 212 F.R.D. 166 (S.D. N.Y. 2002). Further, the law enforcement investigative privilege is not applicable. This privilege "may be invoked only by government law enforcement authorities." *In re Sealed Case*, 856 F.2d 268, 271-272 (D.C. Cir. 1988). Its assertion requires that: (1) the head of the department having control over the documents must raise a formal claim of privilege; (2) the department head must assert the privilege based on his or her actual personal consideration of the documents; and (3) the claimant must make a detailed specification of the information for which the privilege is claimed, with an explanation why this information properly falls within the scope of the privilege. *See In re Sealed Case*, 856 F.2d. at 271; *In re Polypropylene Carpet Antitrust Litigation*, 181 F.R.D. 680, 687 (D. Ga. 1998). None of these requirements have been met. Indeed, the federal agencies, although informed of this request, have not interposed any objection. The request is not also overbroad, even to the extent it seeks the production of materials regarding any thefts by Figueredo. Figueredo has admitted that he has been embezzling funds from the accounts of bank customers since the mid 1990s and that, during that period, he embezzled approximately $29,591,540.00 from more than 20 different customers. (See *U.S. v. Figueredo,* Government's Factual Basis attached hereto as Exhibit E). Part of Plaintiffs' claims is establishing that Bank of America was at fault in allowing this activity to continue for more than 15 years and culminate in the theft from Plaintiffs' accounts. Therefore, as argued in detail in other sections, documents relating to these other thefts are clearly relevant and discoverable in this action.

Plaintiffs' re-state and relies on its previous arguments made in response to request # 3's and 11 above. Lastly, this same discovery request and identical objection was made in the related

case of *Szterensus v. Bank of America*, case no. 08-22669-CIV-Cooke/Bandstra. This Court overruled these objections in that case (See Exhibit C) and should apply the same reasoning to this objection.

**Request # 30**

(A)     Any and all documents, including but not limited to, bank statements, signature cards, articles of incorporation, tax identification numbers, identification documents related to the opening of an account (including driver's license/passports), debit/credit advice slips, CD receipts/renewal statements, deposit slips, withdrawal slips, related to the fictitious/fraudulent accounts created by Ricardo Figueredo, including but not limited the accounts titled, Inmobiliaria, Jorge Rodas, Antonio Santiago and/or Dermazaky.

(B)     In response to Request number 30, Bank of America also objects to the request to the extent that it seeks or would necessarily involve production of confidential financial information or other proprietary or confidential information related to Bank of America customers and non-parties which are subject to constitutional privacy and due process rights and protected from disclosure as a matter of law. *See* Fla. Stat. § 655.059. *See also Banc of Am. Invest. Servs., Inc. v. Barnett,* 997 So.2d 1154 (Fla. 3rd DCA 2008).

(C)     BOA refuses to produce the fraudulent account information used by their employee, Figueredo to perpetrate the fraud. Such accounts have no protected status and should be produced. The supporting documents, or lack thereof, related to these accounts go directly to the lack of supervision and unrestricted actual and or apparent authority given to their agent/employee, Figueredo.

Plaintiffs' re-state and relies on its previous arguments made in response to request # 3 above. Lastly, this same discovery request and identical objection was made in the related case

26

of *Szterensus v. Bank of America*, case no. 08-22669-CIV-Cooke/Bandstra. This Court overruled these objections in that case (See Exhibit C) and should apply the same reasoning to this objection.

**Request # 42**

(A)     Any and all documents which demonstrate the transfer of the Plaintiffs' funds to Ricardo Figueredo personally or any other non-Plaintiff account.

(B)     In response to Plaintiffs' request number 42, Bank of America objects to this request, to the extent that it seeks work product or attorney client privileged information, as the request could be read to implicitly include records created by the Bank or its Counsel in connection with its investigation in anticipation of litigation as detailed in section II above. Bank of America further objects to this request to the extent that it may seek to produce records created in connection with, or related to confidential settlement negotiations. Bank of America further objects to this request as overbroad, unduly burdensome, and seeking irrelevant documents beyond the scope of the instant litigation (i.e., as to the records related to the transfer of funds to non- Victor M. Gomez and/or Controladora de Negocios S.A. de C.V. accounts— which would likely include an overwhelming volume of authorized transactions conducted by Plaintiffs and not at issue in the instant litigation). Bank of America refers to its response to Plaintiffs' request number 36 (including the related objections and production) and incorporates same by reference as if fully set forth herein.  Further, Bank of America refers to and incorporates by reference the Bank's objections and position as to Non-Party Customer Identifiers as set forth in section II above.

(C)     Plaintiffs re-state and rely on its previous arguments made in response to request #'s 3 above. This same discovery request and identical objection was made in the related case of

27

*Szterensus v. Bank of America*, case no. 08-22669-CIV-Cooke/Bandstra. This Court overruled these objections in that case (See Exhibit C) and should apply the same reasoning to overrule this objection.

**Request # 43**

(A)     All documents relating to any allegations of impropriety made against Figueredo, including but not limited to allegations of theft, by any customer or account holder of BOA.

(B)     In response to Request number 43, Bank of America objects to this overbroad request as it seeks production of "**all documents relating to** any allegations of impropriety . . ." (emphasis added), which could implicitly include documents protected by attorney-client or work product privilege, including but not limited to documents reflecting the Bank's internal investigation into allegations of inappropriate banking activity against Ricardo Figueredo, which was conducted in anticipation of litigation. Defendant Bank of America further objects to this request, concerning <u>other</u> customers or account holders, as it expressly seeks the production of confidential financial information or other proprietary or confidential information related to other Bank of America employees, customers and non-parties which are subject to constitutional privacy and due process rights and protected from disclosure as a matter of law. *See* Fla. Stat. § 655.059. *See also Banc of Am. Invest. Servs., Inc. v. Barnett*, 997 So.2d 1154 (Fla. 3rd DCA 2008). Bank of America further objects to this request as overbroad, irrelevant, and beyond the scope of the instant litigation. Bank of America is further obligated to object to the request for information related to any settlements which require strict confidentiality and non-disclosure of same, per the terms of any such agreement. Privileged documents that have been identified, that pertain to any Victor M. Gomez and/or Controladora de Negocios S.A. de C.V.-related account and may be responsive to this request are listed in the Privilege Log that will be provided within

28

a several business days following this response in accordance with Local Rule 26.1G., or in any supplementation or amendment thereto.

(C)     Plaintiffs re-state and rely on its previous arguments made in response to request #'s 3 above. This same discovery request and identical objection was made in the related case of *Szterensus v. Bank of America*, case no. 08-22669-CIV-Cooke/Bandstra. This Court overruled these objections in that case (See Exhibit C) and should apply the same reasoning to this objection.

**Request # 44**

(A)     All documents reflecting any discipline imposed by BOA against Figueredo.

(B)     In response to Plaintiffs' request number 44, Bank of America objects to this overbroad request as it seeks production of "**all documents reflecting** any discipline ..." (emphasis added), which could implicitly include documents protected by attorney-client or work product privilege, including but not limited to documents reflecting the Bank's internal investigation into allegations of inappropriate banking activity against Ricardo Figueredo, which was conducted in anticipation of litigation. Bank of America therefore objects to the extent that this request seeks documents protected by the attorney-client or work product privileges.

(C)     Plaintiffs re-state and rely on its previous arguments made in response to request #'s 3 above.

**Request # 47**

(A)     All fictitious or fraudulent documents created by Ricardo Figueredo, including but not limited to fraudulent account statements, fraudulent transfer requests, and fraudulent transfer authorizations, related to the theft of BOA's customers' funds.

29

CASE NO. 09-22826-CIV-COOKE/BANDSTRA

(B)    In response to Plaintiffs' request number 47, Bank of America objects to this overbroad request as it could implicitly include documents protected by attorney-client or work product privilege, including but not limited to documents reflecting the Bank's internal investigation into allegations of inappropriate banking activity against Ricardo Figueredo, which was conducted in anticipation of litigation. Bank of America objects to the extent that this request seeks documents protected by the attorney-client or work product privileges.  Defendant Bank of America further objects to this request, concerning other customers or account holders, as it expressly seeks the production of confidential financial information or other proprietary or confidential information related to other Bank of America customers and non-parties which are subject to constitutional privacy and due process rights and protected from disclosure as a matter of law. *See* Fla. Stat. § 655.059. *See also Banc of Am. Invest. Servs., Inc. v. Barnett*, 997 So.2d 1154 (Fla. 3rd DCA 2008). Bank of America is further obligated to object to the request for information related to any settlements which require strict confidentiality and non-disclosure of same, per the terms of any such agreement. Any privileged documents that have been identified, that pertain to any Victor M. Gomez and/or Controladora de Negocios S.A. de C.V.-related account and may be responsive to this request are listed in the Privilege Log that will be provided within a several business days following this response in accordance with Local Rule 26.1G., and any supplement or amendment thereto.

Subject to and without waiver of the foregoing objections, in response to this request, Bank of America refers to its responses (including objections) to Plaintiffs' request numbers 40, 41 and  42, and any production of documents pertaining thereto, and incorporates said responses by reference as if fully set forth herein.

30

(C)     Plaintiffs' re-state and relies on its previous arguments made in response to request # 3 above. Lastly, this same discovery request and identical objection was made in the related case of *Szterensus v. Bank of America*, case no. 08-22669-CIV-Cooke/Bandstra. This Court overruled these objections in that case (See Exhibit C) and should apply the same reasoning to this objection.

**Request # 50**

(A)     All documents which reflect evidence or related to Bank of America's payment or reimbursement, either in part or in full, to any of its customers that were victims or may have been victims of Figueredo's misappropriations of customer funds.

(B)     In response to Plaintiffs' request number 50, Bank of America objects to this request as overbroad, unduly burdensome, and seeking irrelevant documents beyond the scope of the instant litigation. Bank of America further objects to this request as it appears to implicitly include documents protected by attorney-client or work product privilege, including but not limited to documents reflecting the Bank's internal investigation into allegations of inappropriate banking activity against Ricardo Figueredo, which was conducted in anticipation of litigation. Bank of America therefore objects to the extent that this request seeks documents protected by the attorney-client or work product privileges. Defendant Bank of America further objects to this request, concerning other customers or account holders, as it implicitly seeks the production of confidential financial information or other proprietary or confidential information related to other Bank of America customers and non-parties which are subject to constitutional privacy and due process rights and protected from disclosure as a matter of law. *See* Fla. Stat. § 655.059. *See also Banc of Am. Invest. Servs., Inc. v. Barnett*, 997 So.2d 1154 (Fla. 3rd DCA 2008). Bank of America is further obligated to object to the request for information related to any settlements

31

which require strict confidentiality and non-disclosure of same, per the terms of any such agreement. Bank of America further objects to this request on the grounds that it is invasive of confidential, proprietary and closely guarded business information of Bank of America, which Bank of America considers to be trade secrets. Any privileged documents that have been identified, that pertain to any Victor M. Gomez and/or Controladora de Negocios S.A. de C.V.-related account and may be responsive to this request are listed in the Privilege Log that will be provided within a several business days following this response in accordance with Local Rule 26.1G., or in any supplementation or amendment thereto.

Subject to and without waiver of the foregoing, Bank of America offers to produce any responsive documents, limited as to scope as set forth herein, within the custody of the Bank and for which the Bank does not assert any objection or privilege, within a reasonable time following receipt of a mutually acceptable confidentiality and claw back agreement executed by Plaintiffs or issued by this Court.

(C)     Plaintiffs re-state and rely on its previous arguments made in response to request #'s 3 above.

### Request # 51

(A)     All documents which evidence when BOA first learned or became aware of Figueredo's misappropriations of customer funds.

(B)     See Objections to Request #50 above.

(C)     Plaintiffs re-state and rely on its previous arguments made in response to request #'s 3 above

32

**Request # 52**

(A)    All documents which evidence the measures or actions, and the timing of those measures or actions, taken or implemented by BOA to notify its customers of Figueredo's misappropriations of customer funds.

(B)    See Objections to Request # 50 above.

(C)    Plaintiffs re-state and rely on its previous arguments made in response to request #'s 3 above

**Request # 53**

(A)    All documents, including but not limited to any notes, e-mails, or memoranda distributed or created by BOA to its employees that established or sought to establish a procedure to follow or implement when a customer complained or made inquiry to the Bank regarding any accounts that may have been accessed, monitored and/or serviced by Figueredo.

(B)    In response to Plaintiffs' request number 53, Bank of America objects to this request as it could implicitly include documents protected by attorney-client or work product privilege, including but not limited to documents reflecting the Bank's internal investigation into allegations of inappropriate banking activity against Ricardo Figueredo, which was conducted in anticipation of litigation. Bank of America therefore objects to the extent that this request seeks documents protected by the attorney-client or work product privileges.  Defendant Bank of America further objects to this request, concerning other customers or account holders, as it implicitly seeks the production of confidential financial information or other proprietary or confidential information related to other Bank of America customers and non-parties which are subject to constitutional privacy and due process rights and protected from disclosure as a matter of law. *See* Fla. Stat. § 655.059. *See also Banc of Am. Invest. Servs., Inc. v. Barnett*, 997 So.2d

33

1154 (Fla. 3rd DCA 2008). Bank of America is further obligated to object to the request for information related to any settlements which require strict confidentiality and non-disclosure of same, per the terms of any such agreement. Privileged documents that have been identified, that pertain to any Victor M. Gomez and/or Controladora de Negocios S.A. de C.V.-related account and may be responsive to this request are listed in the Privilege Log that will be provided within a several business days following this response in accordance with Local Rule 26.1G., and any supplemental or amendment thereto.

Further, Bank of America further objects to this request on the grounds that it is invasive of confidential, proprietary and closely guarded business information of Bank of America, which Bank of America considers to be trade secrets. Subject to and without waiver of the foregoing, Bank of America offers to produce any responsive documents, limited as to scope as set forth herein and subject to the Bank's position as to Non-Party Customer Information, within the custody or control of the Bank and for which the Bank does not assert any objection or privilege, within a reasonable time following receipt of a mutually acceptable confidentiality and claw back agreement executed by Plaintiffs or ordered by the Court.

(C)    Plaintiffs re-state and rely on its previous arguments made in response to request #'s 3 above

**Request # 54**

(A)    All documents exchanged between BOA and any federal, state, or local government officials or law enforcement officials or agencies, including but not limited to the United States Attorneys Office and/or the United States Secret Service, pertaining to Figueredo not to include SARs (Suspicious Activity Reports).

34

(B)     Bank of America further objects to Plaintiffs' request number 54, as it could implicitly include documents protected by attorney-client or work product privilege, including but not limited to documents reflecting the Bank's internal investigation into allegations of inappropriate banking activity against Ricardo Figueredo, which was conducted in anticipation of litigation. Bank of America objects to the extent that this request seeks documents protected by the attorney-client or work product privileges. Bank of America further objects to this request which seeks the production of confidential financial information or other proprietary or confidential information related to other Bank of America employees, customers and non-parties which are subject to constitutional privacy and due process rights and protected from disclosure as a matter of law. *See* Fla. Stat. 655.059. *See also Banc of Am. Invest. Servs., Inc. v. Barnett*, 997 So.2d 1154 (Fla. 3rd DCA 2008).

Further, the Court in the matter of *U.S. v. Ricardo Figueredo*, U.S. District Court, Southern District of Florida, Case No. 09-20044, has ordered that any non-party customer identifiers must be redacted and are not to be made public in that case. Bank of America further objects to the request for irrelevant and confidential documents concerning other customers to the extent that it seeks production of privileged communications invasive of the attorney-client privilege and/or the work product doctrine. Any reports or data compilation which involve Figueredo related accounts were created in support of a related criminal investigation and in anticipation of potential litigation. Privileged documents that have been identified, that pertain to any Victor M. Gomez and/or Controladora de Negocios S.A. de C.V.-related account and may be responsive to this request are listed in the Privilege Log that will be provided within a several business days following this response in accordance with Local Rule 26.1G., and any supplemental or amendment thereto.

(C)     Plaintiffs re-state and rely on its previous arguments made in response to request #'s 3 & 11 above

**Request # 55**

(A)     All documents that refer to, relate to or reflect any complaints, demand letters, or documents sent by BOA's customers concerning Figueredo's misappropriations of customer funds.

(B)     Bank of America objects to Plaintiffs' request number 55, as it could implicitly include documents protected by attorney-client or work product privilege, including but not limited to documents reflecting the Bank's internal investigation into allegations of inappropriate banking activity against Ricardo Figueredo, which was conducted in anticipation of litigation. Bank of America therefore objects to the extent that this request seeks documents protected by the attorney-client or work product privileges. Bank of America further objects to this request which seeks the production of confidential financial information or other proprietary or confidential information related to other Bank of America employees, customers and non-parties which are subject to constitutional privacy and due process rights and protected from disclosure as a matter of law. *See* Fla. Stat. 655.059. *See also Banc of Am. Invest. Servs., Inc. v. Barnett*, 997 So.2d 1154 (Fla. 3rd DCA 2008). Further, the Court in the matter of *U.S. v. Ricardo Figueredo*, U.S. District Court, Southern District of Florida, Case No. 09-20044 (the "Figueredo Criminal Matter"), has ordered that any non-party customer identifiers must be redacted and are not to be made public in that case. Bank of America is further obligated to object to the request for information related to any settlements which require strict confidentiality and non-disclosure of same, per the terms of any such agreement. Privileged documents that have been identified, that pertain to any Victor M. Gomez and/or Controladora de Negocios S.A. de C.V.-related

36

account and may be responsive to this request are listed in the Privilege Log that will be provided within a several business days following this response in accordance with Local Rule 26.1G., and any supplemental or amendment thereto.

Subject to and without waiver of the foregoing, Bank of America offers to produce any responsive documents, limited as to scope as set forth herein and subject to the Bank's position as to Non-Party Customer Information, within the custody or control of the Bank and for which the Bank does not assert any objection or privilege, within a reasonable time following receipt of a mutually acceptable confidentiality and claw back agreement executed by Plaintiffs or ordered by the Court.

(C)   Plaintiffs re-state and rely on its previous arguments made in response to request #'s 3 above

**Request # 56**

(A)   Copies of any and all transcripts of statements given by any witnesses, whether or not under oath, and copies of any and all transcripts of any depositions given by any Bank of America employees or customers, that relate to Figueredo's misappropriations of customer funds.

(B)   In response to Plaintiffs' request number 56, Bank of America objects to this request as overbroad, unduly burdensome, and seeking irrelevant documents beyond the scope of the instant litigation. Bank of America further objects to this request as it expressly seeks documents protected by attorney-client or work product privilege, including but not limited to documents reflecting the Bank's internal investigation into allegations of inappropriate banking activity against Ricardo Figueredo, which was conducted in anticipation of litigation. Bank of America therefore objects to the extent that this request seeks documents protected by the

37

attorney-client or work product privileges. Defendant Bank of America further objects to this request, concerning <u>other</u> customers or account holders, as it implicitly seeks the production of confidential financial information or other proprietary or confidential information related to other Bank of America customers and non-parties and which are subject to constitutional privacy and due process rights and protected from disclosure as a matter of law. *See* Fla. Stat. § 655.059. *See also Banc of Am. Invest. Servs., Inc. v. Barnett*, 997 So.2d 1154 (Fla. 3rd DCA 2008). Bank of America is further obligated to object to the request for information related to any settlements which require strict confidentiality and non-disclosure of same, per the terms of any such agreement. Privileged documents that have been identified, that pertain to any Victor M. Gomez and/or Controladora de Negocios S.A. de C.V.-related account and may be responsive to this request are listed in the Privilege Log that will be provided within a several days following this response in accordance with Local Rule 26.1G., and any supplement or amendment thereto.

(C)     Plaintiffs re-state and rely on its previous arguments made in response to request #'s 3 above

### Request # 57

(A)     All documents relating to interviews of Victor Gomez conducted by BOA employees and/or representatives, including any disclosures made to him prior to any interviews.

(B)     In response to Plaintiffs' request number 57, Bank of America objects to this request as it implicitly seeks documents protected by attorney-client or work product privilege, including but not limited to documents reflecting the Bank's internal investigation into allegations of inappropriate banking activity against Ricardo Figueredo, which was conducted in anticipation of litigation. Bank of America objects to the extent that this request seeks documents protected by the attorney-client or work product privileges. Bank of America further objects to

this request to the extent that it seeks documents created or exchanged while the parties hereto were engaged in settlement negotiations prior to the commencement of this instant action.

(C)   Defendant's contention that production of the requested documents violates the attorney-client privilege is not supported by any explanation. Clearly, the Defendant is not claiming that Plaintiff was seeking legal counsel from the Bank or its attorneys during his meetings with them. Plaintiffs' statements to the Bank or the Bank's attorneys do not become privileged and immune to discovery merely because the person taking the statement was an attorney employed by the Bank. *In re Grand Jury Matter*, 969 F.2d 995, 997 (11th Cir.1992) (stating that the privilege is only available to "confidential communications between the attorney and client regarding the matter of representation."). Therefore, the attorney-client objection is without merit.

*Work Product*

Plaintiffs are entitled to the facts (although not the opinions) contained in the requested documents since they contain relevant, substantially needed, information that cannot be obtained without undue hardship. Plaintiff cannot obtain the requested information by other means. Plaintiffs assume that the Bank interviewed the Plaintiffs in anticipation of litigation because at no time did the Bank indicate it intended to make Plaintiffs whole from the losses. Nevertheless, fact work product in the form of "documents and tangible things . . . prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative . . . may be discovered if:  (i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." F.R.C.P. 26(b)(3)(A).

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides:

(1) In General. Parties may obtain discovery regarding any matter, not privileged, *that is relevant to the claim or defense of any party,* including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

F.R.C.P. 26(b)(1) (emphasis added).  Relevance has been broadly construed to include "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *In re Theragenics Corp. Sec. Litigation*, 205 F.R.D. 631 (N.D. Ga. 2002) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380 (1978)). Substantial need can be demonstrated by showing that the information is essential to the party's case or carries great probative value on contested issues. *See Newmarkets Partners, LLC v. Sal. Oppenheim Jr. & Cie. S.C.A.*, 258 F.R.D. 95, 111 (S.D. N.Y. 2009); *In re Grand Jury Subpoena*, 220 F.R.D. 130, 144 (D. Mass. 2004); *National Congress for Puerto Rican Rights v. City of New York*, 194 F.R.D. 105, 109 (S.D. N.Y. 2000). "Where an attorney's work product, sought at trial, contains admissible evidentiary facts, the seeking party has, by definition, a 'substantial need' for the material." *Parks v. United States*, 451 A.2d 591, 609 (D.C. Cir. 1982).

Here, the information contained in the requested documents is not only relevant, but also carries great probative value on contested issues.  By its denials, the Defendant has put at issue the existence of Plaintiffs' CD accounts with the Bank and the specific amount that was stolen. It is reasonable to believe that the purpose of the interviews with Plaintiffs was precisely to determine the existence and amount of his deposits and CD accounts, where Plaintiffs' money went, and Figueredo's modus operandi in deceiving Plaintiffs and stealing his money.  These are all facts that carry great probative value regarding Plaintiffs' claims and Defendant's affirmative

defenses. Examination of documents relating to BOA's interviews of Plaintiffs go to prove the amount of money deposited by Plaintiffs, proof of its existence at the Bank, and to disprove BOA's affirmative defenses. In addition, the facts contained in the requested documents would all be admissible evidentiary facts in the event of a trial, giving rise to Plaintiffs' substantial need to obtain them in discovery. Therefore, Plaintiffs have a substantial need to obtain the relevant requested documents.

Moreover, allowing the Defendant to keep, use, and not disclose this set of highly important documents runs afoul of the purpose of discovery in the Federal system, which is to disclose all relevant information so that any resolution in a civil action represents a just and fair result. *U. S. v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958). It would be unfair to allow the Bank to hide discoverable documents containing factual information that directly bears on the Plaintiffs' claims.

Plaintiffs acknowledge that the Defendant's opinions and impressions found in the requested documents receive almost absolute protection. *Williamson v. Moore*, 221 F.3d 1177, 1182-83 (11th Cir. 2000) (citing *Cox v. Administrator United States Steel & Carnegie*, 17 F.3d 1386, 1422 (11th Cir. 1994)). Plaintiffs are only asking for the facts contained in the requested documents. Plaintiffs do not object to the redaction of the requested documents to protect any opinions expressed by the author that were not expressed to Plaintiffs.

*Documents Created or Exchanged While the Parties Engaged in Settlement Negotiations.*

It is disingenuous for Defendant to argue that the interviews of the Plaintiffs conducted by the Defendant's employees and/or representatives were performed during settlement negotiations. A negotiation is a bargaining process to reach an agreement. Plaintiffs interviewed with the Defendant to inquire about his money, to find out where his life savings went, and to

41

hopefully retrieve his funds in full. The purpose of the interviews were not to start a bargaining process between Plaintiffs and the Bank. Plaintiffs were not trying to bargain for his funds or reach an agreement with the Defendant. All he wanted was what already belonged to him in full, i.e. the money stolen by the Defendant. Therefore, the requested documents were not created or exchanged during settlement negotiations, and even if they were, the Bank has not posited any reason why the documents should not be produced to Plaintiffs who are the owners of the CD's at issue.

Lastly, as stated above, the Bank's presumptive work-product privilege was waived when its Senior Investigator gave public testimony revealing the contents and conclusions of his investigation. See, argument in response to request # 3).

Plaintiffs re-state and rely on its previous arguments made in response to request #'s 3 above

## Request # 58

(A)    All documents referred to by Kenneth Vega in his sworn testimony at pages 8 through 11 of the transcript of Figueredo's sentencing hearing on April 14, 2009.

(B)    In response to Plaintiffs' request number 58, Bank of America objects to this request as it implicitly seeks documents protected by attorney-client or work product privilege, including but not limited to documents reflecting the Bank's internal investigation into allegations of inappropriate banking activity against Ricardo Figueredo, which was conducted in anticipation of litigation. Bank of America therefore objects to the extent that this request seeks documents protected by the attorney-client or work product privileges. Bank of America further objects to this request as to documents which are part of the public record in the Figueredo Criminal Matter, and thus available to Plaintiffs directly from the court. Bank of America refers

42

to its response (including responses) to Plaintiffs' request number 55 and incorporates same as if fully set forth herein. Defendant Bank of America further objects to this request concerning other customers or account holders, as it implicitly seeks the production of confidential financial information or other proprietary or confidential information related to other Bank of America customers and non-parties which are subject to constitutional privacy and due process rights and protected from disclosure as a matter of law. *See* Fla. Stat. § 655.059. *See also Banc of Am. Invest. Servs., Inc. v. Barnett*, 997 So.2d 1154 (Fla. 3rd DCA 2008).

(C)     Plaintiffs re-state and rely on its previous arguments made in response to request #'s 3 and 11 above.

**Request # 60**

(A)     All documents which evidence how much, if any, of the $29,591,540.00 that Figueredo admitted that he had embezzled in the Criminal Action has been returned to Bank of America or its customers.

(B)     Bank of America objects to Plaintiffs' overbroad request number 60 concerning any payment or reimbursement to other customers who may have been victims of the Figueredo scheme, as it expressly seeks the production of confidential financial information or other proprietary or confidential information related to other Bank of America employees, customers and non-parties which are subject to constitutional privacy and due process rights and protected from disclosure as a matter of law. See Fla. Stat. § 655.059. See also *Banc of Am. Invest. Servs., Inc. v. Barnett*, 997 So.2d 1154 (Fla. 3rd DCA 2008). Bank of America is further obligated to object to the request for information related to any settlements which require strict confidentiality and non-disclosure of same, per the terms of any such agreement. Bank of

America further objects to the request for irrelevant and confidential documents concerning other customers to the extent that it seeks production of privileged communications invasive of the attorney-client privilege and/or the work product doctrine. Privileged documents that have been identified, that pertain to any Victor M. Gomez and/or Controladora de Negocios S.A. de C.V.-related account and may be responsive to this request are listed in the Privilege Log that will be provided within a several business days following this response in accordance with Local Rule 26.1G., and any supplement or amendment thereto.

Subject to and without waiver of the foregoing, Bank of America refers to its response (including objections) to Plaintiffs' request number 50 and incorporates same as if fully set forth herein. Further, Bank of America offers to produce any responsive documents, limited as to scope as set forth herein and subject to the Bank's position as to Non-Party Customer Information, within the custody or control of the Bank and for which the Bank does not assert any objection or privilege, within a reasonable time following receipt of a mutually acceptable confidentiality and claw back agreement executed by Plaintiffs or ordered by the Court.

(C)     Plaintiffs re-state and rely on its previous arguments made in response to request #'s 3 above.

## CONCLUSION

For all of the reasons stated above, the Court should order Defendant to produce all relevant documents pursuant to its Request for Production and any other relief this Court deems just and proper.

44

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Rule 37(a)(2)(A), Fed. R. Civ. P. and local Rule 7.1(A)(3), Rules of U.S.D.C. S.D. Fla., Plaintiffs' counsel certifies that he previously conferred in good faith with defense counsel in an effort to resolve these matters and no agreement could be reached on the disputed issues.

DATED this 14th day of July, 2010.

> SILVERIO & HALL, P.A.
> Museum Tower - Penthouse 2850
> 150 West Flagler Street
> Miami, Florida 33130
> Telephone:    (305) 371-2756
> Facsimile:    (305) 372-2744
> Attorneys for the Plaintiffs
>
> */s/  Brian Silverio*
> Brian M. Silverio
> Florida Bar No. 0183301

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that, on this 14th day of July 2010, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CD/ECF or in some other authorized manner to those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

> */s/ Brian Silverio*
> Brian Silverio

**CASE NO. 09-22826-CIV-COOKE/BANDSTRA**

## ATTORNEY SERVICE LIST

**J. RANDOLPH LIEBLER, ESQ.**
**DORA KAUFMAN, ESQ.,**
Liebler, Gonzalez & Portuondo, P.A.
44 West Flagler Street, Suite 2500
Miami, Florida 33156
Attorneys for Defendant

46