UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  09-22826-CIV-COOKE/BANDSTRA



VICTOR M. GOMEZ, individually,
CONTROLADORA DE NEGOCIOS S.A. DE CV,
a Mexican corporation,

      Plaintiffs,

vs.

BANK OF AMERICA, N.A.,
a foreign corporation,

      Defendant.

_____/

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, BANK OF AMERICA, N.A.

Plaintiffs, VICTOR GOMEZ, individually, (hereinafter "Gomez") and CONTROLADORA

DE NEGOCIOS S.A. DE CV, a Mexican corporation, (hereinafter "Controladora" and collectively

referred to as "Plaintiffs"), by and through their undersigned counsel, and pursuant to Rule 34 of the

Federal Rules of Civil Procedure, hereby submit the following Request for Production of Documents

("Document Request") to defendant, BANK OF AMERICA, N.A., a foreign corporation,

(hereinafter "Bank of America").

### I. DEFINITIONS

A.     "Document" shall mean any and all writing or data compilations of any kind,

including, but not limited to, letters, forms, memoranda, staff reports, other reports, notes,

worksheets, drafts, working papers, correspondence, contracts, agreements, invoices, bills of lading,

manifests, purchase orders, shipping records, checks, accounting records, financial records,

notebooks, diaries, calendars, graphs, charts, files, business records of all kinds or other papers,

CASE NO. 09-22826-CIV-COOKE/BANDSTRA

whether handwritten, typed, printed, or reproduced photostatically or photographically, including, but not limited to, all film, microfilm, photographs, videotapes, drawings or other visual representations, any computer, magnetic, mechanical, or electronic recording or other form of data compilation, translated, if necessary, through detection devices into usable form, and copies of any and all filings with governmental bodies or agencies.  The term "document" extends to and specifically encompasses all non-identical copies of any responsive documents and all such non-identical copies should be produced.

B.     The terms "refer to," "relate to," "referring to" or "relating to" shall mean constituting, defining, containing, mentioning, reflecting, discussing, identifying, stating, concerning, dealing with, or in any way pertaining to.

C.     "You" and "your" shall refer to Bank of America and all departments and agencies thereof, and all present and former department heads, administrators, directors, officers, agents, employees, or other persons acting or purporting to act on behalf of the Bank of America.

D.     "Agency" shall include any body or entity under the control of Bank of America.

E.     "Bank of America" shall include the current banking entity and all previous titles and/or names it has been previously known as, including but not limited to Barnett Bank, NationsBank and North Carolina National Bank (NCNB).

## II. INSTRUCTIONS

A.     Scope of Discovery (Location and Custody of Information).  This Document Request covers all information in your possession, custody and control, including, but not limited to, information in the possession of your officers, employees, agents, consultants, representatives,

2

accountants, attorneys, or other persons directly or indirectly employed or retained by you, or anyone else acting on your behalf or otherwise subject to your control.

      B.    <u>Supplemental Responses</u>. This Document Request is continuing in character so as to require you to provide supplemental responses and production as required by Federal Rules of Civil Procedure if you obtain or discover additional responsive documents after the documents requested herein are produced.

      C.    <u>Deletions from Documents</u>.  Where anything has been deleted from a document produced in response to this Document Request:

          1.    specify the nature of the material deleted;

          2.    specify the reason for the deletion; and

          3.    identify the person responsible for the deletion.

      D.    <u>Privilege As Applied to this Document Request</u>. If you object to the production of any document or any portion thereof, or to disclosing any information contained therein, in response to any portion of this "Document Request" on the basis of any claim of privilege, then with respect to each document or information withheld, identify:

          1.    the title of the document;

          2.    the nature of the document;

          3.    the author or sender;

          4.    the addressee;

          5.    the date of the document;

          6.    the name of each person to whom the original or a copy was shown or circulated;

CASE NO. 09-22826-CIV-COOKE/BANDSTRA

7.     the names appearing on any circulation list of "cc" designation relating to the document;

8.     the name and/or subject matter of the file in which the document is maintained;

9.     the privilege(s) claimed; and

10.    a summary of the subject matter of the document in sufficient detail to permit the Court to rule on the propriety of the objection.

E.     Singular/Plural. Words used in the plural shall also be taken to mean and include the singular. Words used in the singular shall also be taken to mean and include the plural.

F.     "And" and "Or". The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

G.     Organization of Documents in Response. Any documents produced pursuant to this "Document Request" should be grouped and labeled according to the individual Request to which the documents respond. Within each group, the documents should be arranged, to the extent possible, by the office, division or department in chronological order. If any document is responsive to more than one Request, you may provide a single copy indicating the Requests to which it is responsive, in lieu of providing multiple copies.

## III. DOCUMENT REQUEST

1.     Any and all documents and/or correspondence between Bank of America and the plaintiffs for the past seven (7) years that illustrates any banking history between the parties, including but not limited to bank deposits, bank statements, cancelled checks, deposit slips, certificate of deposits, depository agreements and any other written correspondence relating to the

4

CASE NO. 09-22826-CIV-COOKE/BANDSTRA

account and/or accounts or CDs held by the plaintiffs including the claims made by the Plaintiffs in this case.

2.      Any and all documents evidencing receipt of deposits held in the form of CDs in any amount.

3.      Any and all documents which evidence transfer of money into or out of any account or CD held by the plaintiffs.

4.      The Policy and Procedures Manual (PRO) for Bank of America relevant to internal security, Freedom to Act Guidelines, employee conduct, CDs, deposits, withdrawals, audits internal/external, "Hold Mail", opening and closing accounts and non-resident clients, including but not limited to the TOM (Teller Operations Manual) and the Operation Manual for the Platform.

5.      All policy and procedures manual(s) for BOA from January 1, 2002 to the present reflecting BOA's dual control policy, branch manager responsibilities, and assistant branch manager responsibilities.

6.      The employment file kept for Ricardo Figueredo throughout his employment with Bank of America.

7.      Any and all notes, memoranda of Ricardo Figueredo as it pertains to the plaintiffs' accounts and/or CDs.

8.      Any and all documents illustrating interest paid to the plaintiffs on their CDs or accounts.

9.      Any and all documents which demonstrate the transfer of plaintiffs' funds to Ricardo Figueredo personally or any other account not related to Bank of America.

5

CASE NO. 09-22826-CIV-COOKE/BANDSTRA

10.     Any and all background information and/or reports conducted by Bank of America into the background of Ricardo Figueredo prior to Figueredo being hired.

11.     Any and all documents which would represent and/or prove Ricardo Figueredo's fraudulent scheme causing unauthorized transfers to be made.

12.     Any and all documents which illustrate Ricardo Figueredo's misleading and/or concealing of his fraudulent activity.

13.     All documents illustrating Ricardo Figueredo's termination of employment.

14.     Any and all police reports filed against Ricardo Figueredo.

15.     Any and all judgments and/or liens, constructive or equitable obtained against Ricardo Figueredo.

16.     Any and all audits including but not limited to historical or yearly audits pertaining to the Bank of America branch located at 401 Lincoln Road, Miami Beach, Florida since January 2003.

17.     Any and all audits pertaining to Ricardo Figueredo, his assistant and employees of Bank of America who authorized the transfer of plaintiffs' funds which is the subject matter of this lawsuit.

18.     Any and all audits pertaining to or identifying the theft of any funds from the Bank of America branch located at 401 Lincoln Road, Miami Beach, Florida since January 2003.

19.     Any and all audits pertaining to the operations department of the Bank of America branch located at 401 Lincoln Road, Miami Beach, Florida since January 2003.

20.     Any and all recordings or transcripts of recordings of Ricardo Figueredo or any other person whom you can contend participated with Ricardo Figueredo in the theft of customer monies.

6

21.     Any and all investigations, documents, papers, correspondence, letter, memoranda, faxes, e-mails or other materials directed to AUSA Department of Homeland Security, Secret Service etc.

22.     Any and all e-mails or other communications (including text messenger) between Victor Gomez and any bank employee or investigator.

23.     Any and all e-mails, letters or other communications between Victor Gomez and Ken Vega.

24.     The BCICR Manual.

25.     Any and all Training Manuals, either printed or electronic, relating to fraud prevention, theft or any other security or theft prevention measures implemented by Bank of America..

26.     Task List for a branch manager, assistant branch manager and teller supervisor.

27.     Check List submitted to assistant manager, including any Check List submitted to Ricardo Figueredo for the last 7 years.

28.     Business cards identifying Ricardo Figueredo as an International Assistant Manager.

29.     Internal CD Reports for the last 7 years including, but not limited to, all Internal CD Reports for the plaintiffs' accounts in this action.

30.     Any and all documents, including but not limited to, bank statements, signature cards, articles of incorporation, tax identification numbers, identification documents related to the opening of an account (including driver's license/passports), debit/credit advice slips, CD receipts/renewal statements, deposit slips, withdrawal slips, related to the fictitious/fraudulent accounts created by

7

CASE NO. 09-22826-CIV-COOKE/BANDSTRA

Ricardo Figueredo, including but not limited the accounts titled, Inmobiliaria, Jorge Rodas, Antonio Santiago and/or Dermazaky.

31.     Termination letter to Hernan Arita.

32.     Termination letter to Ricardo Figueredo.

33.     Letter to Ricardo Figueredo from Bank of America regarding his new title as "International Assistant Manager".

34.     All documents BOA intends to offer as evidence at the trial of this cause.

35.     All documents filed with any state or federal tax authority by BOA and/or Banc of America Investment Services, Inc. that refer or relate to interest paid to any of the Plaintiffs and all documents illustrating interest paid, or purportedly paid, to the Plaintiffs on their accounts and/or certificates of deposit.

36.     All documents that refer to, relate to or reflect Plaintiffs opening of accounts and/or purchasing certificates of deposit at BOA and Banc of America Investment Services, Inc., including but not limited to, account opening documents, receipts of certificates of deposit, "Know Your Customer" forms, deposit agreements, and signature cards.

37.     All documents requesting, reflecting, or relating to, any transfer of money into our out of any account and/or certificate of deposit held by the Plaintiffs at BOA.

38.     All documents that reflect the identity of the individual(s): a) opening or transacting business in any account and/or certificate held by the Plaintiffs; b) making withdrawals from any accounts and/or certificates of deposit held by the Plaintiffs; and c) making deposits into any of accounts and/or certificates of deposit held by the Plaintiffs.

8

39.     Any and all documents that refer to, relate to or reflect any complaints made by the Plaintiffs, including, without limitation, any complaints about the unauthorized withdrawals, or other withdrawals from any of the Plaintiffs' accounts and/or certificates of deposit.

40.     All documents created, executed and/or submitted by Ricardo Figueredo to move funds into or out of the Plaintiffs' accounts and/or certificates of deposit at BOA and Banc of America Investment Services, Inc.

41.     Any and all notes, memoranda, documents and/or spreadsheets created by or with the cooperation of Ricardo Figueredo as it pertains to the Plaintiffs' accounts and/or certificates of deposit at BOA and/or Banc of America Investment Services, Inc.

42.     Any and all documents which demonstrate the transfer of the Plaintiffs' funds to Ricardo Figueredo personally or any other non-Plaintiff account.

43.     All documents relating to any allegations of impropriety made against Figueredo, including but not limited to allegations of theft, by any customer or account holder of BOA.

44.     All documents reflecting any discipline imposed by BOA against Figueredo.

45.     Any and all documents which describe the findings of any investigation into the theft by Ricardo Figueredo, including the dollar values and the amounts stolen by Ricardo Figueredo.

46.     All documents that reflect the interest rates offered by BOA on certificates of deposit from January 1, 2005 to the present.

47.     All fictitious or fraudulent documents created by Ricardo Figueredo, including but not limited to fraudulent account statements, fraudulent transfer requests, and fraudulent transfer authorizations, related to the theft of BOA's customers' funds.

9

CASE NO. 09-22826-CIV-COOKE/BANDSTRA

48.     All documents, including but not limited to all pleadings, discovery, and correspondence relating to the civil action instituted by Bank of America against Figueredo in Miami-Dade Circuit Court, Case No.: 08-33245-CA-01 (the "Civil Action").

49.     All documents which support any of the claims made in the Civil Action.

50.     All documents which reflect evidence or related to Bank of America's payment or reimbursement, either in part or in full, to any of its customers that were victims or may have been victims of Figueredo's misappropriations of customer funds.

51.     All documents which evidence when BOA first learned or became aware of Figueredo's misappropriations of customer funds.

52.     All documents which evidence the measures or actions, and the timing of those measures or actions, taken or implemented by BOA to notify its customers of Figueredo's misappropriations of customer funds.

53.     All documents, including but not limited to any notes, e-mails, or memoranda distributed or created by BOA to its employees that established or sought to establish a procedure to follow or implement when a customer complained or made inquiry to the Bank regarding any accounts that may have been accessed, monitored and/or serviced by Figueredo.

54.     All documents exchanged between BOA and any federal, state, or local government officials or law enforcement officials or agencies, including but not limited to the United States Attorneys Office and/or the United States Secret Service, pertaining to Figueredo not to include SARs (Suspicious Activity Reports).

55.     All documents that refer to, relate to or reflect any complaints, demand letters, or documents sent by BOA's customers concerning Figueredo's misappropriations of customer funds.

10

CASE NO. 09-22826-CIV-COOKE/BANDSTRA

56.     Copies of any and all transcripts of statements given by any witnesses, whether or not under oath, and copies of any and all transcripts of any depositions given by any Bank of America employees or customers, that relate to Figueredo's misappropriations of customer funds.

57.     All documents relating to interviews of Victor Gomez conducted by BOA employees and/or representatives, including any disclosures made to him prior to any interviews.

58.     All documents referred to by Kenneth Vega in his sworn testimony at pages 8 through 11 of the transcript of Figueredo's sentencing hearing on April 14, 2009.

59.     The Government Factual Basis in Support of entry of guilty plea dated February 3, 2009 at pages 14-17.

60.     All documents which evidence how much, if any, of the $29,591,540.00 that Figueredo admitted that he had embezzled in the Criminal Action has been returned to Bank of America or its customers.

61.     All documents which evidence that the Plaintiffs received monthly account statements for either their accounts or certificates of deposit.

62.     All documents which evidence that Figueredo had or directed the Plaintiffs' account statements to himself or to any other address or person other than the Plaintiffs.

63.     All documents that refer to, relate to or reflect the Plaintiffs' giving written permission or directions to BOA that its account statement should be sent to an address or person other than the Plaintiffs in Mexico.

DATED this 12th day of April, 2010.

11

CASE NO. 09-22826-CIV-COOKE/BANDSTRA

WE HEREBY CERTIFY that a true and correct copy of the foregoing was sent by facsimile and regular mail on the above date to: **J. RANDOLPH LIEBLER, ESQ., DORA KAUFMAN, ESQ.,** Liebler, Gonzalez & Portuondo, P.A., 44 West Flagler Street, Suite 2500, Miami, Florida 33156, Attorneys for Defendant.

                                    SILVERIO & HALL, P.A.
                                    Museum Tower - Penthouse 2850
                                    150 West Flagler Street
                                    Miami, Florida 33130
                                    Telephone:     (305) 371-2756
                                    Facsimile:     (305) 372-2744
                                    Attorneys for the Plaintiffs

By

                              Mark N. Silverio
                              Florida Bar No. 150430

By

                              Brian M. Silverio
                              Florida Bar No. 0183301

12