UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA



Case No.: 08-22669-CIV-COOKE/BANDSTRA

REBECA NAJMAN DE SZTERENSUS,
et. al.,

    Plaintiffs,

vs.

BANK OF AMERICA, N.A.,

    Defendant.
_____/

## ORDER

THIS CAUSE is before the Court on Plaintiffs' Motion to Compel Discovery Responses (D.E. 34) filed on March 30, 2009. Having carefully reviewed the motion, the response and reply thereto, the court file and applicable law, it is hereby

ORDERED AND ADJUDGED that plaintiffs' motion to compel is GRANTED as more fully detailed below.

First, it shall be noted that any production that involves any documents for which defendant claims any concern for the confidentiality and or proprietary nature of same will be subject to a stipulated confidentiality agreement to be executed by the parties within ten (10) days of the date of this Order.

Second, any documentation which may involve the release of confidential information of third parties, other than Ricardo Figueredo, will be redacted to protect the names, account numbers, addresses and social security numbers of the pertinent non-

parties.

Third, the production of the documentation responsive to this Order will be accomplished by allowing plaintiffs' counsel, who will be bound by the confidentiality agreement, to inspect all relevant and responsive documentation so that the defendant need not expend any unnecessary time conducting any additional searches that would be duplicative. The undersigned finds that the defendant, due to its previous investigation of this prior employee's actions, has already completed the task of gathering the responsive documents in its efforts to prosecute the prior employee both civilly and criminally.

Fourth, the undersigned hereby orders defendants to supplement its privilege log to more specifically detail the descriptive portion of the entries which plaintiffs claim an inability to evaluate the validity of the applicability of privileges asserted. Both counsel will confer within five (5) days of the date of this Order to determine what information would be of assistance to accomplish this task and which entries are unclear. This supplemental detailed privilege log shall be produced within fifteen (15) days of the date of this Order. The Court will deny at this time the request to conduct an *in camera* review of the documentation withheld on the basis of the privileges claimed in that the Court anticipates that the details provided by defendant should clarify many, if not all, of counsel's concerns. If a dispute arises as to specific documents, the parties will be required to file a separate motion addressing same after compliance with this Order is complete.

With regard to the specific requests, the Court orders that, with the safeguards established above, including the entry of a confidentiality agreement protecting confidential and proprietary concerns, as well as redaction of confidential information of third parties, defendant shall produce all non-privileged documents responsive to the following requests:

With regard to request 3, defendant shall produce same[1].

With regard to request 4, the bank has substantiated to the Court's satisfaction at this time that the documents requested were prepared in anticipation of litigation so production is denied.

With regard to request 5, the defendant shall produce only those sections of the policies and procedures manual that are relevant to this action for the relevant time period pursuant to the agreement of the parties.

With regard to request 6, the documents shall be produced subsequent to the execution of the confidentiality agreement. The undersigned finds that the employee's action or inaction has a direct bearing on the Plaintiff's claims and Defendant's defenses.

With regard to request 7, Defendant has indicated that there are no documents in its possession which are responsive.

With regard to request 8, Defendant shall produce all responsive documents if such has not already been produced.

With regard to request 9, Defendant has indicated that it has fully complied with this request by providing a line by line record of all debits and credits transacted in their accounts. However, it is unclear by virtue of the response whether the defendant has produced documents which evidence or demonstrate the transfer of plaintiffs' funds to Mr. Figueredo or any other account created, opened or used by Mr. Figueredo for unauthorized purposes. Accordingly, to the extent that such documents remain outstanding, defendant

---

[1] Pursuant to Defendant's Response, p. 3, defendant has already produced all non-privileged documents that have been located and pertain to the accounts held by plaintiffs at Bank of America which specifically relate to plaintiffs' accounts or the allegedly unauthorized transactions giving rise to this action.

3

shall produce same.

With regard to request 10, the Court finds at this time that this request seeks defendant's work product and, as such, shall not be permitted.

With regard to request 11, Defendant shall produce same.

With regard to request 12, such documents shall be produced subject to the confidentiality and redaction procedures outlined above. The Court finds that these documents are relevant to determine if defendant knew or should have known of the employee's unauthorized transactions and what if anything defendant did or should have done in response.

With regard to request 13, such documents shall be produced for the same reasons outlined and in the same manner as request 12.

With regard to request 14, such documents shall be produced.

With regard to request 15, such documents shall be produced.

With regard to request 16, Defendant has indicated that no responsive documents exist other than judgments entered in the civil matter between defendant and Mr. Figueredo which the plaintiff has direct means of obtaining. Accordingly, this request is denied.

To the extent production was mandated in this Order, production of the responsive non-privileged documents shall be made within twenty (20) days of the date of this Order

unless otherwise agreed to between counsel.

DONE AND ORDERED in Miami, Florida this 1st day of June, 2009.

_____
Ted E. Bandstra
United States Magistrate Judge

cc:   Honorable Marcia G. Cooke
      All counsel of record