UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-22826-CIV-COOKE/BANDSTRA

VICTOR M. GOMEZ, individually,
CONTROLADORA DE NEGOCIOUS S.A. DE CV,
a Mexican corporation,

    Plaintiffs,

vs.

BANK OF AMERICA, N.A.,

    Defendant.
_____/

## ORDER

THIS CAUSE came before the Court on Plaintiffs' Motion to Compel Discovery Responses to Plaintiffs' Request for Production (D.E. 21) filed on July 14, 2010. Upon review of this motion, the response and reply thereto, the court file and applicable law, it is hereby

ORDERED AND ADJUDGED that Plaintiffs' Motion to Compel Responses to Plaintiffs' Request for Production is GRANTED IN PART and DENIED IN PART subject to the Stipulated Confidentiality Protective Order which has been entered by this Court. Specifically, plaintiff's motion to compel is ruled upon as follows:

1. GRANTED as to Request for Production Nos. 3, 8, 9 and 42, the Court overruling all objections thereto and noting that defendant has already produced all non-privileged documents pertaining to the accounts held by plaintiffs. Accordingly, defendant shall produce any outstanding documents which are responsive to this request within ten (10) days of the date of this Order.

2. GRANTED as to Request for Production Nos. 6, 7 and 13, the Court finding the requested employee information is clearly relevant and compelling. Accordingly, defendant shall produce all responsive documents within ten (10) days of the date of this Order.

3. GRANTED as to Request for Production Nos. 11, 12 and 51, the Court overruling defendant's objections thereto. Accordingly, defendant shall produce all non-privileged responsive documents with the redaction of customer identifiers and non-party information within ten (10) days of the date of this Order. Defendants need not produce any "suspicious activity reports" which are protected from disclosure under 12 CFR 21.11 and 31 U.S.C. § 5318.

4. GRANTED as to Request for Production Nos. 16, 50, 52, 53, 55 and 60 in view of defendant's agreement to produce these documents and the protections afforded by the confidentiality agreement. Accordingly, defendant shall produce these documents, within ten (10) days of the date of this Order, at its own expense. In so ruling, the Court finds that defendant has not demonstrated that it is unable to bear the cost of production.

5. DENIED as to Request for Production Nos. 20 and 57 in view of defendant's response advising that it has no such documents in its custody or possession.

6. GRANTED as to Request for Production No. 21 and 54 with the exception of any documents that contain confidential financial information of any Bank of America's employees, customer, or on-parties to this case other than plaintiffs. In so ruling, the court overrules defendant's objections base on attorney-client and/or work product privileges, finding that defendant has waived any such privileges by disclosing the requested documents to law enforcement officials or agencies including the United States Secret Service and the United States Attorney's Office. See Westinghouse Elec. Corp. v. Republic of Philippines, 915 F.2d 1414, 1418 (3d Cir. 1991). The Court also rejects

defendant's selective waiver theory consistent with the decisions in Baratta v. Homeland Housewares, LLC, 242 F.R.D. 641, 643 (S.D. Fla. 2007); and Pensacola Firefighters' Relief Pension Fund Bd. of Trustees v. Merrill Lynch, Inc., 2010 WL 503082, at *7 (N.D. Fla. 2010). Thus, defendant shall produce all non-privileged documents, with the redaction of customer identifiers and non-party information, within ten (10) days of the date of this Order. Again, defendants need not produce any "suspicious activity reports" which are protected from disclosure under 12 CFR 21.11 and 31 U.S.C. § 5318.

7. GRANTED as to Request for Production No. 30 and 47, the Court overruling defendant's objections thereto. Accordingly, defendant shall produce all responsive documents, with the redaction of customer identifiers and non-party information, if applicable, within ten (10) days of the date of this Order.

8. GRANTED as to Request for Production Nos. 43 to the extent that the Court limits the definition of "impropriety" to other thefts committed by Mr. Figueredo from the mid 1990's until his termination in 2008. Accordingly, defendant shall produce all responsive documents, with the redaction of customer identifiers and non-party information, if applicable, within ten (10) days of the date of this Order.

9. GRANTED as to Request for Production No. 44, the Court overruling defendant's objections thereto. Accordingly, defendant shall produce all non-privileged responsive documents within ten (10) days of the date of this Order.

10. DENIED as to Request for Production No. 56, the Court sustaining defendant's overly broad objection thereto.

11. DENIED as to Request for Production No. 58, the Court finding that these documents may be obtained though public records.

DONE AND ORDERED in Chambers at Miami, Florida this 27th day of September, 2010.

                                                        Ted E. Bandstra
                                      United States Magistrate Judge

Copies furnished to:
Hon. Marcia G. Cooke
Counsel of record